Julie S. Lucht, WSBA No. 31278
JLucht@perkinscoie.com
Maralee Downey, WSBA No. 38239
MDowney@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant
Echo Bay Minerals Company

THE HONORABLE LONNY R. SUKO

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARMANELLA J. WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>ECHO BAY MINERALS COMPANY,<br><br>    Defendant. | No. CV-10-047-LRS<br><br>STIPULATED PROTECTIVE ORDER |

The Court hereby orders pursuant to Federal Rule of Civil Procedure 26(c) that the parties' disclosure and exchange of Confidential information, as defined herein, shall be governed by the terms of this Protective Order, and this Protective Order is hereby approved and entered by the Court.

**A.  Scope of Protective Order**

1. This Protective Order shall govern the use and disclosure of certain sensitive and confidential information designated in good faith by a party to this litigation as being "Confidential" as set forth below, and which is

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 1

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

contained in (a) any documents, written discovery responses, or tangible evidence produced in this litigation by means of discovery and (b) any transcripts of depositions taken in this action.  This Protective Order establishes a procedure for the expeditious handling of such Confidential information; it shall not be construed as an agreement or as creating any presumption on the confidentiality of any document,

      2.      The attorneys of record, and all others to whom any such designated Confidential information and material is disclosed, including plaintiff Armanella White, shall maintain such designated Confidential information and material in strict confidence, shall not disclose such designated Confidential information and material except in accordance with this Protective Order, and shall use such designated Confidential information and material solely for this litigation.  All produced Confidential information and material shall be carefully maintained in secure facilities (such as law firm offices), and access to such Confidential information and material shall be permitted only to persons properly having access thereto under the terms of this Protective Order.

**B.    Confidential Information**

      1.      Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Confidential information or material shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential."  Deposition testimony may be designated as "Confidential" by invoking this Protective Order on the record with respect to

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 2

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

specific designated testimony, or by using the procedure described in Paragraph 3 of this section.

2.  By designating materials as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive and confidential financial information, personal or medical information, trade secrets, or confidential insurance policies or other confidential insurance information entitled to a protective order under Federal Rule of Civil Procedure 26(c).

3.  If depositions are conducted which involve Confidential information, each party shall have until ten (10) days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated Confidential.  Prior to the expiration of the ten (10) day period, the entire deposition transcript shall be treated as Confidential information.

4.  Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

4.1  Authors, originators, or original recipients of the Confidential information or material.

4.2  The parties to this action.

4.3  Employees, officers and directors of a party to this action, to the extent that such officers and directors have a need to know the Confidential information for the conduct of this litigation.

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 3

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

4.4 The attorneys of record in this litigation and employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any insurance representative to whom it is necessary to disclose such information or material, and any mediator selected to mediate this matter,

4.5 The Court and its personnel, as necessary in support of motions, pleadings and other court papers and proceedings.

4.6 Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions and hearings.

4.7 Non-party witnesses in a deposition, but only if consent is obtained from opposing counsel or the party proposing to disclose the material first provides the material to opposing counsel prior to providing Confidential information to the witness at the deposition. When Confidential information is shown to a non-party witness in a deposition, the deponent and the deponent's counsel shall be provided a copy of this Protective Order and Order and shall acknowledge on the record that he or she has received a copy of this Protective Order and Order and signed an Protective Order (in substantially the form presented in Exhibit A hereto) evidencing the intent to be bound by its terms.

4.8 Experts retained by an attorney to whom disclosure may be made pursuant to Paragraph 4.4, but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Protective Order and has signed an Agreement (in substantially the form

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 4

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

presented in Exhibit A hereto) evidencing his intent to be bound by its terms, including his agreement not to divulge any Confidential information or material to any other person, his agreement not to use any Confidential information or material for any purpose other than this litigation, his consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his agreement to return to the disclosing attorney with twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him and all copies thereof and (b) all reports, correspondence and other tangible things in his possession or control which contain any Confidential information, or material disclosed to such expert.

       5.       Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or materials.

**C.    Other Provisions**

       1.       If any party believes that any document or information which is claimed to be Confidential does not contain confidential material, it may contest the applicability of this Protective Order to such information by notifying the opposing party's counsel in writing and identifying the information contested.  The parties shall have seven (7) days after such notice to meet and confer and attempt to resolve the issue.  If the dispute is not resolved within said period, the party seeking the protection shall have seven (7) additional days in which to make a motion for the protection of such document or information.  The document or information that is subject to a

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 5

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

dispute as to whether it is in fact Confidential, shall, until further order of the Court, be treated as designated (Confidential) in accordance with the provisions of this Protective Order.

2. Any party may seek an order of the Court modifying this order, seek greater or lesser protection for any information or material sought to be discovered, or seek an order pursuant to Federal Rule of Civil Procedure 26(c) or other applicable rule or law that other Confidential information not be revealed.

3. Nothing in this Protective Order shall require any party to disclose any information or materials as to which it owes a third party a duty of confidentiality or nondisclosure, unless that third party consents to, or the Court orders, such disclosure.  It shall be the obligation of the party seeking disclosure of such information or materials to obtain consent to disclosure from the third party to whom the duty of confidentiality or non-disclosure is owed.

4. The disclosure by the producing party of Confidential information or material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality with respect to third parties, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Nothing in this Protective Order shall be deemed to waive any claim of privilege or of work product immunity.

5. If a party wishes to use Confidential information or material to support or oppose a motion, the following procedures shall apply.  Counsel shall meet and confer before filing documents under seal.  To the extent

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 6

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

possible, counsel shall submit, along with any document filed under seal, a stipulation and proposed order reciting the reasons for sealing the document. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Inc. Co.*, 331 F.3d 1122 (9th Cir. 2003). If counsel cannot reach agreement, then a properly noted motion to seal must be filed *contemporaneously* with the sealed document. If the party wishing to submit the material is not the party designating the material as confidential, the party wishing to submit the material shall provide at least seven (7) days notice to the other party(ies), so that a motion to seal, if necessary, may be prepared and filed *at the same time* as the material is submitted under seal to the Court.

Counsel shall use the Case Management and Electronic Document Filing ("CM/ECF") system to present materials under seal; counsel shall not provide original sealed materials to chambers and shall not provide working copies to chambers unless the materials are voluminous and working copies would otherwise be required under Local Rule 5.1(a). In association with any stipulation or motion to seal, the parties shall bring to the Court's attention the requested disposition of the confidential documents in the event the stipulation or motion is denied. For example, a party may request that, in the event the stipulation or motion is denied, the documents containing confidential information be deleted from the docket rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the confidential material. Nothing in this Order or the above example shall be construed as an endorsement of any particular relief, nor shall it otherwise

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 7

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

constrain the Court's authority with respect to the handling of confidential documents or information.

With respect to Confidential Information or material to be used at trial, the Court ordinarily will treat trial exhibits and testimony as a matter of public record.  The parties, however, shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the confidentiality of information to be used at trial and a method for maintaining the confidentiality of such information.  At the Pretrial Conference, the parties may present, by motion or stipulation, a proposed method for maintaining confidentiality. Nothing in this paragraph, however, shall be construed as constraining the Court's authority to treat trial exhibits and testimony as matters of public record.

6. To expedite the production of information, the parties may inadvertently produce documents that are privileged, including but not limited to documents protected by attorney-client privilege or work product doctrine. Inadvertent production of privileged documents shall not be deemed a waiver of any applicable privilege.  Upon discovery that privileged documents have inadvertently been produced, the producing party shall promptly notify the other parties.  Upon such notification, the parties shall treat the documents as privileged unless and until the Court has sustained a challenge to the assertion of privilege.  If the parties do not agree that such documents are privileged, a motion asserting such a challenge must be filed within fourteen (14) days after a party receives notice of a claim of inadvertent production of privileged documents.  If no such motion is filed, all parties shall, within fourteen (14)

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

43082-0014/LEGAL18816354.1

days of receipt of notification of the inadvertent production, return to the producing party, or destroy, all copies of the privileged documents in their possession or in the possession of their counsel or any ether person under their control.  Written confirmation of this return or destruction of documents shall be provided to the party asserting the privilege.

7. Within sixty (60) days after the termination of this litigation, counsel of record shall (a) destroy (or return) all tangible documents and other material containing designated Confidential information and material and copies thereof within such counsel's custody or control received from or by authorization of the producing party or its agents, and (b) serve upon the producing party a certification that this order has been fully complied with by such counsel unless there has been any noncompliance, in which event such counsel shall state fully in such certification the material facts and circumstances concerning any noncompliance.

8. The parties may at any time stipulate to a modification by the Court of this Protective Order as to any particular portion of the Confidential information or material, without affecting the continuing validity of this Protective Order and as to any other Confidential information or material.

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 9

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED this 16th day of September, 2010.

*s/Lonny R. Suko*
_____
UNITED STATES DISTRICT JUDGE

Presented By:

**PERKINS COIE LLP**

By: *s/ Julie S. Lucht*
_____
Julie S. Lucht, WSBA No. 31278
Maralee Downey, WSBA No. 38239

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant
Echo Bay Minerals Company

**LACY KANE P.S.**

By: *s/ Steven C. Lacy*
_____
Steven C. Lacy, WSBA No. 10814

455 6th Street NE
P.O. Box 7132
East Wenatchee, WA 98802
Telephone: 509.884.9541
Facsimile: 509.884.4805

Attorneys for Plaintiff
Armanella White

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 10

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he or she received a copy of the Protective Order entered in the matter of *Armanella J. White v. Echo Bat Minerals Company,* in United States District Court for the Eastern District of Washington, No. CV-10-00047-LRS, and has read and agrees to be bound by all of the provisions thereof. The undersigned agrees (i) not to divulge any Confidential information or material to any other person as designated and defined therein; (ii) not to use any such Confidential information or material for any purpose other than this litigation; (iii) to return to the disclosing attorney with twenty (20) days after termination of this litigation all documents and other material containing such designated Confidential information and material received by him and all copies thereof, and all reports, correspondence and other tangible things in his possession or control which contain any such Confidential information or material disclosed to him or her. In addition, the undersigned consents to the jurisdiction and contempt power of this Court with respect to the enforcement of the Stipulated Protective Order.

DATED this _____ day of _____, _____

_____

PROTECTIVE ORDER (No. CV-10-00047-LRS) – 1

43082-0014/LEGAL18816354.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000